IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARK ROBERSON**,

      Plaintiff,

    vs.                                                            No. CIV 04-1284 MCA/DJS

**CITY OF ALBUQUERQUE**,
a municipal corporation, and
**CITY COUNCILWOMAN
SALLY MAYER**, in her official
and individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Plaintiff Mark Roberson's Motion for Entry of Judgment on Summary Judgment Motion* [Doc. 23] filed on November 1, 2005; (2) Defendants' *Motion for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment* [Doc. 24] filed on November 2, 2005; and (3) *Plaintiff Mark Roberson's Motion to Strike* [Doc. 30] filed on November 14, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that extending the time for filing Defendants' response to Plaintiffs' motion for summary judgment until November 10, 2005, does not interfere with established case-management deadlines and that any lack of diligence on the part of Defendants' counsel in failing to file this response on an earlier date does not warrant the

ultimate sanction of granting summary judgment in Plaintiff's favor. The Court further finds that insofar as the affidavit attached as Exhibit 3 to Defendant's response simply substitutes a different City employee to testify about the same subject matter as the former City employee previously disclosed in discovery, this substitution does not unfairly prejudice Plaintiff and does not warrant striking the affidavit. For these reasons, Defendant's motion for an extension of time is granted and Plaintiff's motion to strike and motion for entry of judgment are denied. The Court will address the merits of Plaintiff's motion for summary judgment at a later date.

Plaintiff correctly cites the standard of "good cause" that is generally required to warrant a change in the pretrial deadlines established in the *Initial Pretrial Report* or other scheduling orders issued under Fed. R. Civ. P. 16 and D.N.M. LR-Civ. 16.1. Such a standard may be particularly demanding when the requested modification will substantially interfere with established case-management deadlines, as when a party seeks to file an entirely new and unanticipated motion that will change the nature of the case well after the motions deadline or on the eve of trial. But this standard is not meant to punish parties with the ultimate sanction of an adverse judgment merely because they are a few days late in responding to an existing, anticipated motion, especially when the tardy response does not require a significant change in the carefully structured set of case-management deadlines leading up to the scheduled trial date.

Moreover, where a party requests that an opponent's untimeliness be punished by the ultimate sanction of an adverse judgment, the Court must weigh and consider a number of

factors beyond the "good cause" standard of Fed. R. Civ. P. 16.  These factors include:  "(1) the degree of actual prejudice to the defendant;  (2) the amount of interference with the judicial process;  (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance;  and (5) the efficacy of lesser sanctions."  Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992) (internal citations and quotation marks omitted).  Because dismissal is such a harsh sanction, it is appropriate only in cases of "'willfulness, bad faith, or [some] fault of'" the party whose claims are dismissed.  Archibeque v. Atchison, Topeka and Santa Fe Rwy. Co., 70 F.3d 1172, 1174 (10th Cir. 1995)  (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976)).

In this case, I find that any lack of diligence on the part of Defendants' counsel in failing to respond to Plaintiff's motion for summary judgment at an earlier time does not reflect intentional misconduct or an improper effort to gain a tactical advantage in the litigation. Further, Plaintiff has not shown a significant degree of actual prejudice, and while Defendants' failure to meet the existing deadline for responding to Plaintiff's motion is regrettable and is not to be condoned, such a failure did not result in significant interference in the judicial process.  As to the efficacy of lesser sanctions, the Court finds that it is sufficient to issue a simple admonishment directing Defendants to reevaluate their calendaring practices so as to monitor pretrial deadlines more closely and to ensure that motions for extensions of time are filed well in advance of the date on which the filing in

question is due. Repeated failure to meet such deadlines may result in the imposition of more serious sanctions.

Finally, as to Plaintiff's motion to strike the affidavit attached to Defendants' response brief, I note that the affidavit concerns medical records on a topic that was previously disclosed to Plaintiff in the *Initial Pretrial Report*, and the reason for the change in the affiant appears to be a change in employment: Defendant simply wishes to substitute a new City employee to testify about veterinary matters reflected in medical records in place of a previously disclosed witness who is no longer employed by the City and is unavailable. Plaintiff has not shown sufficient unfair prejudice resulting from the change in affiant to warrant striking the affidavit from Defendants' response.

### III. CONCLUSION

After carefully considering the relevant law and applying each of the Ehrenhaus factors to the facts of this case, I conclude that there is no justification for imposing the ultimate sanction of entering judgment in Plaintiff's favor, striking Defendant's response, or striking the affidavit attached thereto. The Court will rule on the merits of Plaintiff's motion for summary judgment at a later date.

**IT IS, THEREFORE, ORDERED** that *Plaintiff Mark Roberson's Motion for Entry of Judgment on Summary Judgment Motion* [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' *Motion for Extension of Time to File Response to Plaintiff's Motion for Summary Judgment* [Doc. 24] is **GRANTED** and Defendants' *Response* [Doc. 29] is accepted as timely filed.

**IT IS FURTHER ORDERED** that *Plaintiff Mark Roberson's Motion to Strike* [Doc. 30] is **DENIED**.

**SO ORDERED** this 15th day of December, 2005, in Albuquerque, New Mexico.

                                                                   _____
                                                                   **M. CHRISTINA ARMIJO**
                                                                   **UNITED STATES DISTRICT JUDGE**